# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
June 10, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BRIAN CALDWELL,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0015** (BOR Appeal No. 2047573)
(Claim No. 2011031489)

**NEWTOWN ENERGY, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Brian Caldwell, by William B. Gerwig III, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Newtown Energy, Inc., by H. Dill Battle III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 11, 2012, in which the Board affirmed an August 24, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 21, 2011, decision granting Mr. Caldwell a 12% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Caldwell worked as an underground coal miner for Newtown Energy, Inc. On August 3, 2010, he was struck by a falling rock. The claims administrator held the claim compensable for a concussion with loss of consciousness, neck sprain, other and unspecified injury to the head, and sprain of an unspecified site of the shoulder and left upper arm. Paul Bachwitt, M.D., performed an independent medical evaluation of Mr. Caldwell and determined that he had reached his maximum degree of medical improvement with respect to his orthopedic injuries. Dr. Bachwitt determined that Mr. Caldwell had 10% whole person impairment for his

1

cervical injuries under the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). He then adjusted this rating to 8% impairment to fit within Cervical Category II of West Virginia Code § 85-20-E (2006). Dr. Bachwitt also found that Mr. Caldwell had 4% whole person impairment for his shoulder injury under the American Medical Association's *Guides*, which he combined with Mr. Caldwell's cervical impairment for a 12% combined whole person impairment rating. On July 21, 2011, the claims administrator granted Mr. Caldwell a 12% permanent partial disability award based on Dr. Bachwitt's report. On August 24, 2012, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on December 11, 2012, leading Mr. Caldwell to appeal.

The Office of Judges concluded that Mr. Caldwell was entitled to an 8% permanent partial disability award for his cervical spine pursuant to West Virginia Code of State Rules § 85-20-E and a 4% permanent partial disability award for his left shoulder injury. It based this determination on the independent medical evaluation of Dr. Bachwitt. The Office of Judges noted that there was no dispute over Mr. Caldwell's 4% permanent partial disability for his shoulder injury. The Office of Judges found that Dr. Bachwitt's adjustment of his cervical impairment recommendation to fit within West Virginia Code of State Rules § 85-20-E was proper. The Office of Judges determined that there was no evidence contrary to Dr. Bachwitt's impairment recommendation and no other impairment rating in the record. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

On appeal, Mr. Caldwell argues that he is entitled to an additional 2% permanent partial disability award for his cervical injury based exclusively on Dr. Bachwitt's impairment recommendation under the American Medical Association's *Guides*. Mr. Caldwell argues that West Virginia Code of State Rules §§ 85-20-64.1, 85-20-64.2, and 85-20-E (2006) are invalid and in conflict with West Virginia Code § 23-4-6(i) (2005).

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Caldwell had not shown that he is entitled to any greater than a 12% permanent partial disability award for his cervical and shoulder injuries. Dr. Bachwitt provided the only evidence of Mr. Caldwell's whole person impairment, and his rating was consistent with the American Medical Association's *Guides* and West Virginia Code of State Rules §§ 85-20-64 and 85-20-E. Mr. Caldwell's request for an additional permanent partial disability award is inconsistent with this Court's holding in *Gore v. Insurance Commissioner of West Virginia*, No. 11-0612, 2013 WL 1286071, at *5 (Mar. 28, 2013), and he has not demonstrated that Dr. Bachwitt's impairment rating was invalid.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   June 10, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II